IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OLDA DEAN LEWIS, PRO SE, § | |
| A.K.A. OLDA D. LEWIS, § | |
| A.K.A. O.D. RODNEY, § | |
| TDCJ-CID # 617097, § | |
| Previous TDCJ-CID No. 288796 § | |
| Previous TDCJ-CID No. 1094448 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:06-CV-0281 |
| § | |
| TEXAS TECH UNIV. § | |
| HEALTH SCIENCE CENTER, § | |
| BECKY WOODS, § | |
| HARVEY BOZEMAN, and § | |
| STEVEN ROSSE, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff OLDA DEAN LEWIS, a.k.a. OLDA D. LEWIS and O.D. RODNEY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he suffered deliberate indifference by defendant BECKY WOODS, Nurse Practitioner, to a serious physical need for special orthopedic shoes or a referral to a specialist. Plaintiff also claims defendant Rosse is Head Physician at the Tulia Unit and approved defendant WOODS' treatment of plaintiff's complaints. Plaintiff claims defendant BOZEMAN is "Head Admin. for medical" and failed to resolve plaintiff's problems with the treatment he has received.

Plaintiff requests punitive damages for pain and suffering of $15,000.00 and that inmates in this region be allowed to get medical boots.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983.  *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  "[N]egligent medical care does not constitute a valid section 1983 claim."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff alleges that when he complained of aching and burning feet and that his medical boots had been lost at the Lubbock County Jail, defendant WOODS offered him some insoles Plaintiff says he told her he already had insoles at the time and she replied that was all she could do for him.  Plaintiff states defendant WOODS knew from his records that he has chronic arthritis in both feet and has been taking Piroxicam.  Plaintiff alleges defendant WOODS never suggested x-rays or a referral to a foot specialist.

Plaintiff alleges he talked to officials for Texas Tech Health Science Center to try resolve this issue" and was told he didn't qualify and that he should keep submitting medical requests to the medical department.

Plaintiff's allegations show he was examined by a medical caregiver, Nurse Practitioner WOODS for his complaints and was offered treatment which he felt would be ineffective. Further, that decision was reviewed and approved by the supervising physician, defendant Dr. ROSSE.  Further, when plaintiff complained to defendant TEXAS TECH UNIV. HEALTH SCIENCE CENTER, his records were reviewed and he was informed he did not qualify for

medical boots.  Plaintiff does not point to facts showing the recommended treatment would have caused a substantial risk of serious harm to his health or safety nor does he allege any fact showing the defendants knew such facts or made the necessary inference from them.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  It is clear plaintiff has not experienced deliberate in difference to his serious medical need.

Instead, plaintiff disagrees with the treatment provided and contends additional diagnostic measures such as x-rays should have been utilized and an alternative method of treatment, special boots, provided; however, this does not elevate his claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  At best, plaintiff's allegations support a claim for medical negligence, if that, but "negligent medical care does not constitute a valid section 1983 claim."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

By alleging medical malpractice or negligence, plaintiff has not stated a claim of constitutional dimension.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  To the extent plaintiff is seeking to vindicate a medical malpractice or negligence claim under section 1983, plaintiff's claims against defendants WOODS, ROSSE, and TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff's claim that defendant BOZEMAN failed to properly investigate and satisfactorily resolve his complaint concerning his medical care does not state a claim of any sort and, therefore, fails to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff OLDA DEAN LEWIS, a.k.a. OLDA D. LEWIS and O.D. RODNEY, is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 1st day of February, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE